IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYPRESS PROPERTY AND CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1478-L |
| | § | (consolidated with |
| JALLAD & R INVESTMENTS, LLC, | § | No. 3:21-cv-1939-L) |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cypress Property and Casualty Insurance Company has filed a Motion to Compel Air Tek Air Conditioning's Production of Requested Documents, *see* Dkt. No. 52 (the "MTC"), against non-parties Muneef Jallad and Air Tek Air Conditioning.

United States District Judge Sam A. Lindsay referred the MTC to the undersigned United States magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 55 at 1.

The undersigned then ordered that "[a]ny response to [52] Plaintiff Cypress and Casualty Insurance Company's Motion to Compel Air Tek Air Conditioning's Production of Requested Documents must be filed by Wednesday, February 15, 2023, and any reply must be filed by Thursday, February 23, 2023" and that "Plaintiff's counsel is further ordered to, by Tuesday, February 7, 2023, serve a copy of this Electronic Order on Air Tek Air Conditioning and Muneef Jallad and to then

file a certificate of service in this matter." Dkt. No. 56. Cypress's counsel did as ordered and filed the required certificate of service. *See* Dkt. No. 59.

Neither Muneef Jallad nor Air Tek Air Conditioning has filed a response, and the deadline to do so has passed. *See* Dkt. No. 56.

**Background**

Cypress's MTC explains that, in his capacity as Air Tek Air Conditioning's owner and custodian of records, *see* Dkt. No. 53 at 1, "Muneef Jallad was personally served with a Notice of Intent to Take Deposition by Written Questions and Subpoena Duces Tecum [issued to Air Tek Air Conditioning] on November 28, 2022"; that, "[a]fter several and repeated attempts to induce production of requested documents, Muneef Jallad stated his refusal to comply with the subpoena"; and that "Muneef Jallad has not asserted privilege nor issued written objections to the deposition and subpoena," Dkt. No. 52 at 1; *accord* Dkt. No. 53 at 1.

According to Cypress, "[a]s of the date of this [MTC], Muneef Jallad has not produced requested documents nor responded to the deposition by written questions." Dkt. No. 52 at 1. "Instead, Mr. Jallad continues to dodge verbal attempts to compel production, stating that he will within a couple of days or flatly refusing to comply with the subpoena," and "has withheld all documents in his and/or Air Tek's possession." Dkt. No. 53 at 2.

Invoking Federal Rule of Civil Procedure 37, Cypress asks the Court to order that Air Tek Air Conditioning and Mr. Jallad "produce to Defendants all documents responsive to the subpoena issued by Cypress Property and Casualty Insurance

Company within 10 days." Dkt. No. 52 at 1; Dkt. No. 52-1 at 1; Dkt. No. 53 at 3.

**Legal Standards & Analysis**

The subpoena at issue was properly issued by this Court under Federal Rule of Civil Procedure 45(a), as the court where the action is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").

Cypress has established that it had served on Air Tek Air Conditioning, through personal service on its owner, the Notice of Intent to Take Deposition by Written Questions and Subpoena Duces Tecum.

Air Tek Air Conditioning has not timely served any objections or responses and has not file a motion to quash the subpoena. And "[a] failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown." *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 2733954, at *3 (W.D. Tex. May 26, 2020) (citing *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D 39, 43 (N.D. Tex. 2015)).

But, as to the relief that Cypress seek, the Court can only issue an order within the confines of what the Federal Rules provide based on the Notice of Intent to Take Deposition by Written Questions and Subpoena Duces Tecum at issue.

Federal Rule of Civil Procedure 45(d)(2)(B) provides that, "[i]f an objection is made, … [a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production." FED. R. CIV. P. 45(d)(2)(B)(i). And this Court is the court for the district

where compliance is required by the subpoena and so is the proper court for a Rule 45(d)(2) motion to compel or a motion for contempt under Federal Rule of Civil Procedure 45(g). *See* Dkt. No. 7-2; *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 708-10 (N.D. Tex. 2017).

But, although Rule 45(d)(2)(B) generally applies to parties' efforts to obtain written or document discovery from third parties through a subpoena, Rule 45(d)(2)(B) by its own terms applies only where the third party makes objections. And, here, no objections were served.

Cypress does not appear to seek to compel Air Tek Air Conditioning to appear through a representative and answer depositions through written questions. Federal Rule of Civil Procedure 31(a)(1) provides that "[a] party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2)" and that "[t]he deponent's attendance may be compelled by subpoena under [Federal Rule of Civil Procedure] 45." FED. R. CIV. P. 31(a)(1).

Cypress does cite Federal Rule of Civil Procedure 37(a)(3)(B)(i) – but that rule applies only after a deponent has appeared for a deposition. *See Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 WL 1035134, at *7 (N.D. Tex. Feb. 23, 2018); *accord VeroBlue Farms USA Inc. v. Wulf*, ___ F.R.D. ____, No. 3:19-cv-764-X, 2021 WL 5176839, at *11 (N.D. Tex. Nov. 8, 2021). And neither Federal Rule of Civil Procedure 37(a)(1) generally "nor any specific provision elsewhere in Rule 37 or 45 … authorizes a motion to require a non-party to appear for a deposition." *Traut*, 2018 WL 1035134, at *8; *accord Hernandez v. Groendyke*

*Transp., Inc.*, No. 3:21-cv-108-D, 2022 WL 2064886, at *2 (N.D. Tex. June 8, 2022). "Rule 37(a) does not authorize a motion to prospectively compel a non-party (or, for that matter, a party) to appear for a deposition," and Rule 45(d)(2)(B) "addresses only objections to, and motions to compel compliance with, subpoenas commanding document productions or inspections and therefore does not authorize a motion to compel a non-party's compliance with a subpoena's command to appear for a deposition." *MetroPCS v. Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018) (cleaned up).

Cypress cites, but does not seek relief under, Federal Rule of Civil Procedure 37(a)(5), which provides for an award of expenses "on a Rule 37(a)(3)(B)(i) motion to compel an answer from a deponent, including a non-party," *VeroBlue*, 2021 WL 5176839, at *12, but "Rule 37(a) does not apply to a motion to compel production of documents based on a subpoena to a nonparty," *Am. Fed'n*, 313 F.R.D. at 57. "And Rule 45(d) does not include any provision to shift fees to the non-party." *Id.*

So, as the Court has previously explained at length in a similar context, "the only mechanism under the Federal Rules available to [Cypress] appears to be [Federal Rule of Civil Procedure] 45(g)'s provision that '[t]he court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.'" *Traut*, 2018 WL 1035134, at *9 (quoting FED. R. CIV. P. 45(g)); *see generally MetroPCS*, 327 F.R.D. at 608 ("When a non-party to a lawsuit ... is served with an overly broad subpoena duces tecum, ... the non-party has four procedural options. First, it may ignore the

subpoena. This is the worst option, almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived." (cleaned up)).

In a case in which, as here, the matter is referred to a magistrate judge under 28 U.S.C. § 636(b), 28 U.S.C. § 636(e)(6) provides that, "[u]pon the commission of any [act of contempt] – ... (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where – ... (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 522 (5th Cir. 2014). "A contempt

order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002).

To show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield*, 832 F.2d at 913.

The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (cleaned up).

Construing Cypress's MTC as a request for Rule 45(g) civil contempt sanctions for failing to obey the Subpoena Duces Tecum, the undersigned, under 28 U.S.C. §§ 636(b) and 636(e)(6), now certifies the following facts that, in the undersigned's opinion, show that the following complained-of conduct by non-party Air Tek Air Conditioning, through its owner Muneef Jallad, constitutes a civil contempt under Rule 45(g), as supported by the Declaration of Attorney Jessica K. Longoria [Dkt. No. 53-3].

Air Tek Air Conditioning, through its owner Muneef Jallad was proper served

with the Notice of Intent to Take Deposition by Written Questions and Subpoena Duces Tecum, requiring Air Tek Air Conditioning to produce certain documents. *See* Dkt. No. 53-3 at 1. That, for purposes of Rule 45(g), amounts to a court order that required certain conduct by Air Tek Air Conditioning by December 6, 2022, *see* Dkt. No. 53-3 at 2; *accord Rose v. Enriquez*, No. CIV.A. SA-13-MC-556, 2013 WL 5934365, at *3 (W.D. Tex. Oct. 31, 2013), as Cypress's counsel has told Mr. Jallad, *see* Dkt. No. 53-3 at 2.

And, as Cypress reports, through its owner Muneef Jallad, Air Tek Air Conditioning "has not produced requested documents nor responded to the deposition by written questions." Dkt. No. 52 at 1; *see also* Dkt. No. 53-3 at 2. "Instead, Mr. Jallad continues to dodge verbal attempts to compel production, stating that he will within a couple of days or flatly refusing to comply with the subpoena," and "has withheld all documents in his and/or Air Tek's possession." Dkt. No. 53 at 2; *see also* Dkt. No. 53-3 at 1-2.

And Air Tek Air Conditioning has not, through Mr. Jallad or otherwise, "made an assertion of privilege, nor has [Air Tek Air Conditioning or Mr. Jallad] made written objections to the deposition by written questions or subpoena." Dkt. No. 53 at 2; *see also* Dkt. No. 53-3 at 2. "Despite a good faith effort by Cypress' counsel to obtain the discovery without court intervention, Mr. Jallad continues refusal to comply with the deposition by written questions and accompanying subpoena" and "has not served written objections or asserted any privilege with regard to the deposition and accompanying subpoena." Dkt. No. 53 at 3; *see also*

Dkt. No. 53-3 at 2.

The undersigned finds, based on these certified facts, including as more fully described above, that Cypress has established by clear and convincing evidence that non-party Air Tek Air Conditioning, through its owner Muneef Jallad, has failed to comply with the commands of the Subpoena Duces Tecum at issue and is therefore in civil contempt under Rule 45(g) for failing without adequate excuse to obey the Subpoena Duces Tecum by producing the required, responsive documents. But, as another court has noted, the Court may, "if satisfied that the moving party has made a prima facie showing that it issued a valid subpoena," "issue an order requiring the nonparty to either comply with the subpoena, seek protection under Rule 45, or respond to the motion and show cause why he or she shouldn't be held in contempt," explaining that "[a] chance for explanation is a preferred first step." *EB Holdings II Inc v. Illinois Nat'l Ins. Co.*, No. CV 4:21-MC-02650, 2021 WL 6134783, at *1 (S.D. Tex. Dec. 29, 2021).

**Recommendation**

Non-Party Air Tek Air Conditioning, through its owner Muneef Jallad, should be cited to appear before United States District Judge Sam A. Lindsay on a date that the Court will set and show cause why it should not be held in civil contempt under Federal Rule of Civil Procedure 45(g) for failing without adequate excuse to obey the Subpoena Duces Tecum, attached as Exhibit A to Dkt. No. 53, unless, before that date, it fully complies with the Subpoena Duces Tecum's commands or seeks protection under Federal Rule of Civil Procedure 45.

Cypress's counsel is directed to serve, or cause to be served, on Air Tek Air Conditioning and Muneef Jallad a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge by **Friday, March 3, 2023** and to then file a certificate of service with the Court.

DATED: March 2, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE