IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYPRESS PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-1478-L (consolidated with |
| JALLAD & R INVESTMENTS, LLC, | § § | No. 3:21-cv-1939-L) |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jallad & R Investments, LLC has filed a Motion to Compel Compliance with Rule 30(e)(1) of the Federal Rules of Civil Procedure. *See* Dkt. No. 66 (the "30(e)(1) Motion").

United States District Judge Sam A. Lindsay referred the 30(e)(1) Motion to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for hearing, if necessary, and determination. *See* Dkt. No. 68.

For the reasons explained below, the Court DENIES Defendant's 30(e)(1) Motion [Dkt. No. 66].

**Background**

In support of its 30(e)(1) Motion, Defendant explains that,

[o]n February 16, 2023, Plaintiff deposed Defendant's expert, Jason Lanier, in this suit. Wendy Schreiber of Magna Legal Services was the Court Reporter assigned to take the deposition by zoom as an officer of the Court. Immediately after the questioning of Mr. Lanier and while Ms. Schreiber and counsel for all parties were still on the zoom link, Defendant's counsel informed Ms. Schreiber and opposing counsel that Mr. Lanier elected to review the deposition. Defendant's counsel also requested that the deposition transcript be sent to counsel so Mr.

> Lanier could review and make any desired changes, which is allowed by the Federal Rules of Civil Procedure.
>
> On February 20, 2023, Defendant's counsel, Cassandra Pruski, received an email from Ms. Schreiber (excluding all other counsel) informing that at the conclusion of the deposition of Mr. Lanier and that after the witness had logged off, Ms. Pruski had requested a read and sign of the deponent's deposition be sent to her office. She informed Ms. Pruski that it was not until she started to prepare the transcript that she realized that this case was filed in Federal Court. Ms. Schreiber incorrectly referred to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure and stated that no mention was made before the deposition concluded and as such the signature was waived and no changes would be accepted (Exhibit A).
>
> In response, in an email dated March 1, 2023, Defendant's senior counsel, Robert W. Loree, informed Ms. Schreiber that her reference of Rule 30(b)(3)(A) was incorrect. Mr. Loree stated that not only had Ms. Schreiber incorrectly named and interpreted Rule 30(e)(1) of the Federal Rules of Civil Procedure, but that she also had no standing or authority to interpret the rule on when a deposition is completed. Mr. Loree further stated that Ms. Schreiber's erroneous interpretation also appeared to be an improper attempt to assist the Plaintiff, Cypress Property and Casualty Insurance Company and its counsel. Mr. Loree again requested that Ms. Schreiber send counsel Mr. Lanier's deposition transcript so he could read, make any desired changes, and sign the errata sheet. Mr. Loree also informed her that if she refused, Defendant's counsel would file a motion to compel and seek any appropriate sanctions from the Court (Exhibit B).
>
> To date, Ms. Schreiber has failed to respond or comply. As a result, Defendant requests that this Court compel Ms. Schreiber to provide the subject deposition transcript so Mr. Lanier can read and sign the errata sheet and make any desired changes to his deposition. Defendant further requests that Ms. Schreiber be ordered to pay the reasonable attorney's fees incurred by Defendant's counsel in drafting and filing this motion in the amount of $1250.

Dkt. No. 66 at 1-3.

Defendant served the 30(e)(1) Motion on Ms. Schreiber, who responded to Defendant's counsel by email, a copy of which Defendant filed. *See* Dkt. No. 67.

Cypress also filed a response, explaining that

> Local Rule 7.1(h) requires that an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. The Motion to Compel contains a Certificate of Conference stating that Jallad's counsel conferred with counsel for Cypress via email. The Certificate also claims that "no agreements could be reached."
>
> However, counsel's assertion that there was conference and that discussions did not lead to any agreement is incorrect. There was no discussion between counsel: Jallad's counsel merely forwarded an email chain between Jallad's counsel and Ms. Schreiber, the court reporter, and notified the undersigned of Jallad's intent to file a motion to compel that day. (See Exhibit A.) Before counsel had the opportunity to respond to the email, Jallad's counsel filed the Motion on March 10, 2023.
>
> Cypress takes no position on the relief sought in the Motion, although the transcript of Jason Lanier's deposition includes no reference to a request for Mr. Lanier to review the deposition in order to prepare an errata sheet. (See Exhibit B.) Cypress does, however, flatly deny the implication in the email correspondence from Jallad's counsel to Ms. Schreiber that Cypress or its counsel were somehow involved in Ms. Schreiber's interpretation of the Federal Rules of Civil Procedure. [Doc. 66-2]. The first time Cypress learned of this issue was when Jallad's counsel informed Cypress of it shortly before filing the instant Motion.
>
> Jallad also cites no authority supporting the relief sought by its Motion. Jallad fails to specify the source of the ability to compel a non-party court reporter to permit a witness to read and sign the original deposition transcript. Nor is any rule or statute cited in support of Jallad's request for sanctions (which is also not supported by any evidence supporting the claimed amount of $1,250.00). As nothing in the Motion is directed towards Cypress, and no relief is requested by Jallad from Cypress, Cypress notes these items without taking a position on the dispute between Jallad and Ms. Schreiber.

Dkt. No. 73 at 1-2.

## Legal Standards & Analysis

Federal Rule of Civil Procedure 28(a) provides, as to "Persons Before Whom Depositions May Be Taken":

(a) Within the United States.
   (1) In General. Within the United States or a territory or insular possession subject to United States jurisdiction, a deposition must be taken before:
      (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or
      (B) a person appointed by the court where the action is pending to administer oaths and take testimony.
(2) Definition of "Officer." The term "officer" in [Federal Rules of Civil Procedure] 30, 31, and 32 includes a person appointed by the court under this rule or designated by the parties under Rule 29(a).

FED. R. CIV. P. 28(a).

And Federal Rule of Civil Procedure 30(b)(5), 30(e), and 30(f) state:

(b) Notice of the Deposition; Other Formal Requirements.
....
   (5) Officer's Duties.
      (A) Before the Deposition. Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:
         (i) the officer's name and business address;
         (ii) the date, time, and place of the deposition;
         (iii) the deponent's name;
         (iv) the officer's administration of the oath or affirmation to the deponent; and
         (v) the identity of all persons present.
....
      (C) After the Deposition. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.
....

(e) Review by the Witness; Changes.
   (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

>> (A) to review the transcript or recording; and
>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.
>
> (f) *Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.*
>
> (1) *Certification and Delivery.* The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.
> ....
>
> (3) *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

FED. R. CIV. P. 30(b)(5), 30(e), 30(f).

As Cypress points out, Rule 30 does not authorize a motion to compel a court reporter to do anything regarding review of transcripts and does not authorize a court to impose sanctions on, or order payment of a party's attorneys' fees by, a court reporter. And Defendant cites no other source of authority to impose sanctions on a court reporter in connection with a deposition under Rule 30.

But, even if that does not end the matter on this motion, the transcript reflects what occurred before Ms. Schreiber went off the record in Mr. Lanier's

deposition – after statements on the record by Cypress's counsel Brett Gardner and Defendant's counsel Cassandra Pruski – along with Ms. Schreiber's notation at the end of the transcript:

> 21 Q. And apart from that one, any other felony
> 22 convictions?
> 23 A. No.
> 24     MR. GARDNER: All right. I'll pass the witness.
> 25     MS. PRUSKI: We'll reserve our questions for the
> 1 time of trial.
> 2     MR. GARDNER: All right.
> 3     THE REPORTER: We are off the record at 3:36.
> 4     (Deposition concluded at 3:36 p.m.)
> 5
> 6     Reporter's Note: According to Federal Rule
> 7 30(e)(1), the request for review of the deposition by the
> 8 witness is accomplished "on request by the deponent or a party
> 9 before the deposition is completed."
> 10     Since this was not done, signature is considered
> 11 waived for this transcript.

Dkt. No. 73-2 at 3-4 of 4.

This Reporter's Note complies with Rule 30(e)(2)'s requirement that "[t]he officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested." FED. R. CIV. P. 30(e)(2). And the Reporter's Note states that a request for review of the deposition by the witness was not "accomplished 'on request by the deponent or a party before the deposition [was] completed.'" Dkt. No. 73-2 at 4 of 4. That, too, would seem to end the matter.

But Defendant disagrees with the conclusion that its counsel failed to make the required "request [under Rule 30(e)(1)] … before the deposition [was] completed." According to Defendant, "[i]mmediately after the questioning of Mr.

Lanier and while Ms. Schreiber and counsel for all parties were still on the zoom link, Defendant's counsel informed Ms. Schreiber and opposing counsel that Mr. Lanier elected to review the deposition." Dkt. No. 66 at 1.

"When interpreting the Federal Rules of Civil Procedure, the Court is to give the rules their plain meaning, and, as with a statute, the inquiry is complete if the Court finds the text of the rules to be clear and unambiguous. The Court may also give weight to, and consider as persuasive authority, the construction of a rule offered by the Advisory Committee in its notes. And, when interpreting a Federal Rule of Civil Procedure, the United States Supreme Court has also considered the rule's structure and context as well as its purpose and whether an interpretation is the rule's most natural reading as well as an eminently sensible one." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 229 (N.D. Tex. 2016) (cleaned up).

Rule 30 does not define Rule 30(e)(1)'s phrase "before the deposition is completed." But Rule 30(b)(5)(C) explains that, "[a]t the end of a deposition, the officer must state on the record that the deposition is complete." FED. R. CIV. P. 30(b)(5)(C). Ms. Schreiber did not use those exact words – had she done so, there would be little to discuss here. But she did state that "[w]e are off the record at 3:36." Dkt. No. 73-2 at 4 of 4. And her transcript then includes the notation that the "[d]eposition concluded at 3:36 p.m." *Id.*

While a Rule 30(e)(1) request perhaps need not be made on the record, it must be made before the actual deposition is completed. And Rule 30(f)'s focus on a

-7-

transcript produced from the court reporter's stenographic notes suggests that the point at which a court reporter ceases transcription generally marks the point at which a deposition is completed. Here, the transcript, as quoted above, makes clear that Mr. Lanier's questioning was completed and counsel made their final statements in connection with that questioning before Ms. Schreiber made her final statement that "[w]e are off the record at 3:36" and, consistent with the deposition being "concluded" at that point, stopped taking stenographic notes. And all of that occurred before Defendant's counsel reportedly informed Ms. Schreiber and opposing counsel that Mr. Lanier elected to review the deposition.

That the Zoom link was still open for some period of time after Ms. Schreiber stated at 3:36 p.m. that they were off the record does not mean that Mr. Lanier's deposition was still ongoing and was not completed at 3:36 p.m. The deposition was completed despite the Zoom meeting's being open – just as a deposition for which everyone gathered in person would be completed once questioning ended and the court reporter ceased transcription and went off the record, despite the attorneys' and witness's milling about for several more minutes in the conference room, packing up their bags and exchanging pleasantries.

On this record, neither Mr. Lanier nor Defendant's counsel made the required request under Rule 30(e)(1) "before the deposition [was] completed." And that does end the matter.

## Conclusion

For the reasons explained above, the Court DENIES Defendant Jallad & R Investments, LLC's Motion to Compel Compliance with Rule 30(e)(1) of the Federal Rules of Civil Procedure [Dkt. No. 66].

SO ORDERED.

DATED: April 20, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE