IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CYPRESS PROPERTY AND CASUALTY INSURANCE COMPANY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:21-CV-1478-L** |
| **JALLAD & R INVESTMENTS, LLC**, | § § § | **Consolidated with 3:21-CV-01939-L** |
| Defendant. | § § | |

## ORDER

Before the court is Plaintiff/Counter-Defendant Cypress Property and Casualty Insurance's ("Cypress" or "Plaintiff") Motion for Summary Judgment (Doc. 60) ("Motion"), filed February 17, 2023. Cypress seeks summary judgment on its declaratory judgment action seeking a determination of the effect of Defendant/Counter-Plaintiff Jallad & R Investments, LLC's ("Jallad") failure to provide reasonable notice and failure to cooperate with Cypress's investigation into Jallad's insurance claim. Pl.'s Br. Support of Mot. Summ. J (hereinafter "Pl.'s Br.") 1 (Doc. 61). In addition, Cypress seeks summary judgment on Jallad's countersuit claims for breach of contract and violations of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA"), unfair insurance practices, and breach of the duty of good faith and fair dealing. *Id.*

On April 10, the court referred the motion to the United States Magistrate Judge for findings and recommendation. Order Reference 1 (Doc. 79). The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 107) was entered on August 16, recommending that Cypress's Motion be denied. First, regarding Cypress's claim for declaratory judgment, the magistrate judge found that "because the determination of Jallad's alleged breaches of the prompt notice clause and cooperation clause turn on whether Jallad's

Order – Page 1

actions were reasonable, the undersigned finds Cypress fails to meet its heavy burden to show beyond peradventure that that it is entitled to summary judgment as a matter of law." Report 21-22. Second, as to Jallad's countersuit claim for breach of contract, the magistrate judge found that there was a genuine issue of material fact as to the element of causation, so Jallad's breach of contract claim survives. For Plaintiff's extra-contractual claims, because Cypress relied on Jallad's breach of contract claim to fail and because a genuine dispute of material facts arises based on both parties' reasonableness, the extra-contractual claims also survive. *Id.* at 28. On August 30, Cypress filed its Objections to the Report and Brief in Support (Doc. 110) ("Objections"). On August 13, Jallad filed its Response to Cypress's Objections (Doc. 112).

Cypress first objects to the magistrate judge's finding that Jallad's reason for the two-year delay in providing notice created a genuine dispute of material fact. Pl.'s Objections ¶¶ 7-9. Specifically, because the facts are undisputed and Jallad's "[a]ssertions of an ongoing 'internal investigation' by professional consultants are a flimsy excuse for the delay in simply reporting the claim"—the magistrate should have concluded as a matter of law that prompt notice was not given. *Id.* ¶¶ 8-9 (citing *Alaniz v. Sirius Int'l Ins.*, 626 F. App'x 73, 76-77 (5th Cir. 2015) ("[R]easonableness becomes a question of law if the facts are undisputed," and "if the delay occurs without explanation [or because of a flimsy excuse], it is appropriate to conclude that prompt notice was not given as a matter of law."). Review of Jallad's Response (Doc. 74), however, reveals that Jallad's excuse for the two-year delay was not flimsy. Instead, the delay was caused by difficulty in determining the date the damaged occurred, which Jallad needed to know to determine which insurance company to file its claim with, and difficulty in contacting Cypress. Def.'s Resp. to Pl.'s Mot. Summ. J. 20. Accordingly, the objection is **overruled**, because Jallad's excuse is not flimsy, so whether his delay was reasonable is a genuine dispute of material fact.

**Order – Page 2**

Cypress also objects to the magistrate judge's findings that there is a genuine dispute of material fact as to Jallad's failure to cooperate because a fact finder may or may not conclude that both members of an LLC are considered the "insured" for the purpose of conducting an examination-under-oath. Pl.'s Objections ¶¶ 11-12. Cypress, however, again fails to provide an explanation for why Mr. Alleddin Jallad, a member of the LLC, is an "insured" other than a conclusory statement that "[a]s a matter of law, when an LLC is the Named Insured, the persons with governing authority of the LLC are the Insureds." *Id.* ¶ 12 (stating the quoted statement without any legal support); *see also* Report 21 ("Cypress offers no explanation for why Allaeddin Jallad is an "insured" subject to this provision other than asserting that he was Jallad's "Principal Member and President" and one of two "Jallad company Members.") (citing Doc. 61 at 2, 4, 9). Accordingly, the objection is **overruled**.

Cypress's last objection pertains to the magistrate judge's finding that there is a genuine dispute of material facts as to Jallad's extra-contractual and bad faith counterclaims. Pl.'s Objection ¶¶ 14-16. Cypress asserts that it had a bona fide reason for denying Jallad's claim because Cypress's investigation was reasonable and revealed that the claim was questionable. Thus, as a matter of law a court cannot find bad faith. *Id.* Review of the Motion and summary judgment evidence, however, reveals that the reason Cypress denied the claim was because Jallad was not cooperating with its investigation. Pl.'s Br. 23 ("Jallad repeatedly refused to comply with policy conditions. This is a reasonable basis for Cypress' ultimate coverage decision."). Jallad, however, argues that it cooperated with all *reasonable* requests for information per the contract, but did not comply with Cypress's *unreasonable* requests because it was not entitled to that information. Def.'s Resp. to Pl.'s Mot. Summ. J. 15 ("The policy expressly provides that as often as may be "reasonably required" it may inspect the property or the insured's books and records

**Order – Page 3**

"proving the loss or damage." This provision does not require production of all records, or third-party records as Cypress was seeking."). Therefore, as the magistrate judge found, a genuine dispute of material facts exists as to whether Cypress's investigation was reasonable, whether Jallad failed to cooperate, and whether Cypress's reason to deny the claim was reasonable. Further, Jallad's extra-contractual and bad faith claims depend on Jallad proving a breach of contract accompanied by an independent tort. *See Transp. Ins. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994). Jallad's breach of contract claim presents a genuine dispute of material fact, per the Report and the court's ruling herein. Accordingly, the objection is **overruled**.

Having considered the Motion, Report, file, and record, and Plaintiff's filings, and having made a *de novo* review of any portion of the Report to which Plaintiff objects, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. The court **denies** the Motion for the reasons herein stated.

**It is so ordered** this 26th day of September 2023.

                                              Sam A. Lindsay
                                              United States District Judge